UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON WIMBERLY,

Plaintiff,

-against-

GOLDBERG, LUSTIG & STECKLER, PLLC and 231 EAST 117 LLC,

Defendants.

Case No. 1:26-cv-01814 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

The Court previously extended Plaintiff Jason Wimberly's time to serve Defendant 231 East 117 LLC, and to file an affidavit or other certification of that service, to July 31, 2026. *See* Dkts. 31, 37. To date, Plaintiff has not filed any proof of that service on the docket. By **August 14, 2026**, Plaintiff must file proof that he served Defendant 231 East 117 LLC on or before July 31, 2026. His failure to do so will result in the dismissal of this action as to Defendant 231 East 117 LLC without further warning.

Relatedly, on July 27, 2026, Plaintiff filed a motion seeking an extension of time to serve Defendant 231 East 117 LLC, until July 31, 2026. *See* Dkt. 35. The Court denied that motion as moot given that Plaintiff's deadline was already July 31, 2026. *See* Dkt. 37. An additional letter-motion from Plaintiff was subsequently docketed, requesting that Exhibits B and C to his extension request be filed under seal. *See* Dkt. 36. Exhibit B, *see* Dkt. 36-2, is a two-page letter containing solely medical information about Plaintiff. That document shall be maintained under seal. *See, e.g.*, *Robinson v. De Niro*, No. 19-cv-09156 (LJL) (KHP), 2022 WL 2712827, at *2 (S.D.N.Y. July 13, 2022) (holding that sealing of a document is "narrowly tailored because the entire medical record contains sensitive medical information"); *Nachshen v. BPP ST Owner LLC*, No. 18-cv-10994 (JPC), 2021 WL 5042855, at *3 (S.D.N.Y. Oct. 29, 2021) ("Courts

regularly seal medical records 'because a plaintiff maintains significant privacy rights to his medical information.'" (alteration adopted) (quoting *Valentini v. Grp. Health Inc.*, No. 20-cv-09526 (JPC), 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020))). Plaintiff describes Exhibit C as "financial transactions between [him]self and the process server who will effect service on Defendant." Dkt. 36 at 2. However, there is no Exhibit C filed with Plaintiff's papers, nor any document fitting that description. The Court cannot order the sealing of a document that has not been filed.

Accordingly, the Clerk of Court is respectfully directed to seal the document at Dkt. 36-2, and to close the motion at Dkt. 36.

Dated: August 10, 2026
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge