UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON WIMBERLY,

Plaintiff,

-against-

GOLDBERG, LUSTIG & STECKLER, PLLC and 231 EAST 117 LLC,

Defendants.

Case No. 1:26-cv-01814 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Under Rule 4 of the Federal Rules of Civil Procedure, defendants must be served with the summons and complaint "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m); *see* Fed. R. Civ. P. 4(c)(1). Plaintiff Jason Wimberly filed the complaint in this action on March 4, 2026, *see* Dkt. 1, and the Court ordered that his 90-day service period begin to run starting March 13, 2026, the date on which the Clerk of Court issued summonses for Defendants and mailed those summonses directly to Plaintiff. *See* Dkt. 8. Accordingly, Plaintiff was required to serve Defendants by June 11, 2026. Plaintiff timely filed an affidavit of service of the summons and complaint on Defendant Goldberg, Lustig & Steckler, PLLC ("Goldberg"), *see* Dkt. 23, and on June 12, 2026, Goldberg moved to dismiss Plaintiff's complaint, *see* Dkts. 23-27. However, Plaintiff did not file proof of service on Defendant 231 East 117 LLC ("231 East").

On June 29, 2026, the Court ordered Plaintiff to show good cause for that lack of service. *See* Dkt. 29. The same day, Plaintiff filed a letter explaining his failure to serve 231 East. *See* Dkt. 30. The Court accepted that explanation as good cause and therefore extended Plaintiff's time to serve 231 East, and to file an affidavit or other certification of that service, to July 31, 2026. *See* Dkt. 31. By letter dated July 27, 2026, Plaintiff requested an extension of that time to July 31, 2026. *See* Dkt. 35. On July 30, 2026, the Court denied the request as moot, given that

July 31, 2026, was already Plaintiff's service deadline, and directed Plaintiff to "complete service and file an affidavit or other certification of service by that date." *See* Dkt. 37 at 1.

By letter dated July 28, 2026, but not docketed until July 30, 2026, Plaintiff submitted certain evidence in support of his motion for an extension of time and asked that that evidence be maintained under seal. *See* Dkt. 36. The Court granted that motion in part and denied it in part on August 10, 2026. *See* Dkt. 38. In the same order, because Plaintiff had still not filed any proof of service upon 231 East, the Court ordered that he do so by August 14, 2026. *Id.* at 1. The Court advised Plaintiff that if he did not file, by that date, proof that he had served 231 East on or before July 31, 2026, then the Court would dismiss this action as to 231 East without further warning. *Id.*

To date, Plaintiff has not filed proof of service on 231 East. Instead, in a filing dated August 16, 2026, but not docketed until August 19, 2026, Plaintiff moved to strike Goldberg's reply in further support of its motion to dismiss, *see* Dkt. 39, because Goldberg had purportedly failed to serve that document on Plaintiff and file proof of that service on the docket. *See* Dkt. 41. The Court will take Plaintiff's motion under advisement, but its filing demonstrates that Plaintiff understands and can apply procedural rules as to service, thus underscoring Plaintiff's failure to comply with the Court's previous orders as to service on 231 East. The Court has twice warned Plaintiff that such failure would result in the dismissal of his action as against 231 East. *See* Dkts. 31, 38.

Accordingly, and in keeping with the Court's previous orders, Plaintiff's complaint is hereby DISMISSED without prejudice as to Defendant 231 East 117 LLC. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice

against that defendant or order that service be made within a specified time.”). The Clerk of Court is respectfully directed to terminate 231 East 117 LLC as a defendant as of this date.

Dated: August 20, 2026
New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge