UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON WIMBERLY,

Plaintiff,

-against-

GOLDBERG, LUSTIG & STECKLER, PLLC, and 231 EAST 117 LLC,

Defendants.

Case No. 1:26-cv-01814 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

On August 20, 2026, the Court dismissed this action as to Defendant 231 East 117 LLC ("231 East"), because Plaintiff Jason Wimberly ("Wimberly") had submitted no proof that he served 231 East with a copy of the summons and complaint within 90 days of commencing the action. *See* Dkt. 44 at 2. The Court had previously extended Wimberly's time to serve to July 31, 2026, *id.* at 1, and extended his time to file proof of that service to August 14, 2026, *id.* at 2.

On September 1, 2026, Wimberly filed a letter-motion seeking reconsideration of the Court's decision, advising that he had, in fact, served 231 East within 90 days, and had attempted to file proof of that service on August 4, 2026, but that his filing had not been docketed. *See* Dkt. 45. He attached an affidavit of service to the letter-motion, demonstrating that service was effectuated on July 28, 2026. *See* Dkt. 45-1. He also appears to have attempted to attach, as an additional exhibit, a copy of the August 4, 2026 email he sent to the Court's *pro se* office in an attempt to file that affidavit of service. *See* Dkt. 45 at 2. That exhibit was not docketed with Wimberly's letter-motion; however, he also emailed a copy of it to the Court, copying opposing counsel, and therefore the Court has received and reviewed it as part of his submission.

"[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked[.]" *Shrader v. CSX Transp., Inc.*, 70 F.3d

255, 257 (2d Cir. 1995). The Court did not overlook anything here. As Wimberly notes, his August 4, 2026 "submission was never entered on the docket." Dkt. 45 at 2. However, reconsideration is also appropriate to "prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted); *accord Staley v. Smart*, No. 23-cv-03546 (DEH), 2024 WL 4471588, at *1 (S.D.N.Y. Oct. 11, 2024). In light of Wimberly's evidence that he did, in fact, comply with the Court's orders and did timely serve 231 East with a copy of the summons and complaint, the Court finds that it would be manifestly unjust to uphold its decision dismissing 231 East from this case based on Wimberly's failure to serve 231 East.

Accordingly, the Court hereby VACATES its previous order at Dkt. 44. The Clerk of Court is respectfully directed to reinstate 231 East as a defendant in this matter. Plaintiff is directed to serve a copy of this order on 231 East by **September 25, 2026**. 231 East, which has never appeared in this action, shall answer or otherwise respond to the Complaint by **October 9, 2026**.

Dated: September 9, 2026
New York, New York

SO ORDERED.

*Jennifer Rochon*

JENNIFER L. ROCHON
United States District Judge