UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON WIMBERLY,

Plaintiff,

-against-

GOLDBERG, LUSTIG & STECKLER, PLLC, and 231 EAST 117 LLC,

Defendants.

Case No. 1:26-cv-01814 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Before the Court is a motion filed by Plaintiff Jason Wimberly ("Wimberly") to strike the reply memorandum of law (the "Reply") filed by Defendant Goldberg, Lustig & Steckler, PLLC ("GLS") in support of its motion to dismiss Wimberly's complaint. Dkt. 41 (the "Motion" or "Mot."). Alternatively, if the Court declines to strike the Reply, Wimberly seeks leave to file a sur-reply brief. *Id.*

For the following reasons, Wimberly's motion to strike and for leave to file a sur-reply is DENIED in its entirety.

## BACKGROUND

On March 3, 2026, Wimberly, proceeding pro se, filed a complaint against GLS. Dkt. 1. On March 5, 2026, this Court issued an order requiring GLS serve "a self-represented party who has not consented to electronic service in a manner permitted by Fed. R. Civ. P. 5(b)(2) (other than through the ECF system) and file proof of service for each document so served." Dkt. 2. Relatedly, Rule 2B of this Court's Individual Rules of Practice in Civil Pro Se Cases requires counsel "serve a pro se party with a paper copy of any document that is filed electronically" and "file with the Court a separate Affidavit of Service." The Local Civil Rules of the United States

District Courts for the Southern and Eastern Districts of New York (the "Local Civil Rules") also require counsel "when serving a memorandum of law . . . , provide the pro se litigant . . . with copies of cases and other authorities cited therein that are unpublished or reported exclusively on computerized databases." Local Civil Rule 7.2.

After GLS moved to dismiss Wimberly's complaint, Wimberly sought an extension of time to oppose the motion to dismiss. Dkt. 28. The Court granted the request on June 29, 2026, and adjusted the remainder of the briefing schedule such that GLS was required to file the Reply on or before August 17, 2026. Dkt. 29. On August 14, 2026, GLS filed the Reply. Dkt. 39. The same day, GLS emailed the Reply to Wimberly, who acknowledged receipt within one minute. Dkt. 42-2.

On August 16, 2026, Wimberly moved to strike the Reply because GLS purportedly failed to properly serve the Reply and "furnish Plaintiff copies of unpublished or exclusively database-reported authorities." Mot. at 1-2; Dkt. 42-3 (email from Wimberly to GLS attaching motion to strike). In the alternative, Wimberly sought leave to file a sur-reply in response to "newly introduced authorities, factual matter, and arguments contained in GLS's Reply." Mot. at 2. Within two hours, GLS emailed Wimberly a link providing him access to the "full text Westlaw cases cited in [the Reply]." Dkt. 42-4. The next day, on August 17, 2026, GLS served the Reply on Wimberly by United States mail and filed a certificate of service attesting that Wimberly was served on August 14 and August 17, 2026 "via email and First-Class Mail, respectively." Dkt. 40.

On August 20, 2026, GLS filed a brief in opposition to the Motion to strike, Dkt. 42, and Wimberly submitted a supplemental letter in support of the Motion on September 9, 2026, Dkt. 47.

## DISCUSSION

### I. Motion to Strike

Wimberly correctly acknowledges the inapplicability of Federal Rule of Civil Procedure 12(f) to this Motion, which permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Under Federal Rule of Civil Procedure 7(a), a "pleading" is a "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). The Reply brief is not a pleading, and therefore, Wimberly has not filed a proper motion to strike under Rule 12(f). *See Columbia Cas. Co. v. Neighborhood Risk Mgmt. Corp.*, No. 14-cv-0048 AJN, 2015 WL 3999192, at *5 (S.D.N.Y. June 29, 2015) ("Rule 12(f) applies only to pleadings . . . a motion to dismiss is not a pleading, and therefore not subject to a Rule 12(f) motion to strike."); *Nino v. Countrywide Home Loans, Inc.*, No. 3:18-cv-2086(JCH), 2019 WL 1320282, at *1 (D. Conn. Mar. 22, 2019) ("Motions are not pleadings, and therefore a Motion to Strike a Motion to Dismiss is improper.").

In any event, the Court rejects Wimberly's invitation to exercise its discretion and strike the Reply because GLS allegedly failed to comply with this Court's Order and Individual Rule in Pro Se Civil Cases regarding service as well as the Local Civil Rules requirement to provide copies of unpublished cases. GLS was required to file and serve its Reply by August 17, 2026, Dkt. 29, and provide Wimberly with "copies of cases and other authorities cited therein that are unpublished or reported exclusively on computerized databases," Local Civil Rule 7.2. On August 14, 2026, three days before the Reply was due on August 17, 2026, GLS filed the Reply and emailed it to Wimberly, who immediately acknowledged receipt. Dkt. 42-2. Two days later,

on August 16, 2026 (before the August 17, 2026 deadline), GPS shared the cited unpublished caselaw with Wimberly by email. Dkt. 42-4. The next day, August 17, 2026, GLS served Wimberly by mail with the Reply and filed an affidavit of service reflecting his service on Wimberly by both email and mail. Dkt. 40.

Thus, GLS properly served Wimberly with the Reply and filed the required affidavit of service. Receipt of the unpublished cases on August 16 — two days after he received the Reply via email and one day before it was served via mail — did not prejudice Wimberly in any way. *See Catz v. Precision Glob. Consulting*, No. 19-cv-7499 (ER), 2021 WL 1600097, at *4-5 (S.D.N.Y. Apr. 23, 2021) (refusing to strike memoranda that failed to abide by court rules because "defendants have suffered no prejudice as a result"). Therefore, there is no basis to strike the Reply.

**II. Sur Reply**

"Motions for leave to file a sur-reply 'are subject to the sound discretion of the court.'" *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20-cv-10832 (AT), 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022) (citation omitted). True, "[a]rguments may not be made for the first time in a reply brief." *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993); *see also Stepski v. M/V Norasia Alya*, No. 7:06-cv-01694, 2010 WL 11526765, at *1 (S.D.N.Y. Mar. 3, 2010) (granting leave to file sur-reply where "[d]efendants' sur-reply addresses arguments the [p]laintiffs raise for the first time in their reply brief"). That said, "reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Bayway Ref. Co. v. Oxygenated Mktg. & Trading*, 215 F.3d 219, 226-27 (2d Cir.2000) (citation omitted); *accord Parrish v. Sumitomo Mitsui Fin. & Leasing Co., Ltd.*, No. 25-cv-4549, at *8 (MKV), 2026 WL 2168358, at *8 (S.D.N.Y. July 28, 2026).

Because the Reply does not raise new arguments and instead responds to arguments Wimberly set forth in his memorandum of law, a sur-reply is not warranted here. *See Bayway*, 215 F.3d at 226-27 ("[R]eply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." (citation omitted)); *see also Gottesfeld v. Anderson*, No. 18-cv-10836 (PGG), 2020 WL 1082590, at *3 n.7 (S.D.N.Y. Mar. 6, 2020) (acknowledging "moving parties may cite new cases in their reply to address arguments raised in an opposition brief" (citations omitted)).

**CONCLUSION**

For the foregoing reasons, Wimberly's motion to strike the Reply, or, in the alternative, for leave to file a sur-reply is DENIED. The Court further declines to order any "related corrective relief" as described by Wimberly. *See* Mot. at 1, 10-13.

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 41.

Dated: October 15, 2026
New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge